IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MATTHEW DALY, on behalf of himself and all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>WEST MONROE PARTNERS, INC.; THE BENEFITS COMMITTEE OF WEST MONROE PARTNERS, INC.; THE BOARD OF DIRECTORS OF WEST MONROE PARTNERS, INC.; ARGENT TRUST COMPANY; and DOES 1-30<br><br>　　　　　　Defendants. | Case No. 1:21-cv-06805-RAG |
| NATHAN A. ULERY, on behalf of himself and on behalf of a class of all other persons similarly situated,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>WEST MONROE PARTNERS, INC.; KEVIN MCCAERY; TOM BOLGER; GIL MERMELSTEIN; BARBARA DUGANIER; BARBARA BENNETT; DOUG ARMSTRONG; TOM HULSEBOSCH; SUSAN STELTER; and ARGENT TRUST COMPANY,<br><br>　　　　　　Defendants. | Case No. 1:22-cv-00781-RAG |

## MOTION TO CONSOLIDATE

Pursuant to Federal Rule of Civil Procedure 42(a), Nathan A. Ulery ("Ulery"), on behalf of himself and similarly situated participants in the West Monroe Partners, Inc. Employee Stock Ownership Plan (the "Plan"), respectfully moves to consolidate the two above-captioned cases for all purposes including discovery and trial.

## BACKGROUND

West Monroe Partners, Inc. ("West Monroe") was a privately-held company that adopted the Plan, an employee stock ownership plan governed by the Employee Retirement Income Security Act of 1974 (ERISA), in 2012. The Plan purchased West Monroe on December 31, 2012, and by the start of 2021 it had nearly 1,500 current and former participants. On September 20, 2021, 147 former West Monroe employees who still held assets in their individual accounts in the Plan were forced to sell their West Monroe stock to West Monroe at a value determined by the Plan's trustee, Argent Trust Company ("Argent"), as of December 31, 2020 (the "Purchase Transaction") – nearly nine months earlier. Soon thereafter, on October 5, 2021, the Plan was made to sell all of its West Monroe stock to a newly-created company called WMC IntermediateCo., Inc. On that same date a large disclosure to about 150 senior West Monroe personnel was made of an impending buy-in by MSD Partners L.P. ("MSD"), a private equity firm. On October 14, 2021, West Monroe issued a press release announcing that MSD was buying 50% of West Monroe in a transaction expected to close in November. MSD purchased 50% of West Monroe's outstanding shares at a much higher price than the price the 147 participants received. Plaintiff Ulery estimates MSD paid about three times more per share and Plaintiff Daly estimates five times more per share.

Plaintiff Daly in the above-captioned action, *Daly v. West Monroe Partners, Inc., et al.*, Case No. 1:21-cv-06805 (the "Daly Action"), was among the 147 participants forced to sell his stock. Daly filed his complaint on December 22, 2021 (Dkt. 1) on behalf of himself, the Plan, and a proposed class of participants and beneficiaries. The Daly Action named as defendants West Monroe, the Benefits Committee of West Monroe, The Board of Directors of West Monroe, Argent Trust Company, and Does 1-30.

Ulery, also one of the 147 participants forced to sell his stock, filed his complaint on February 14, 2022 (Dkt. 1, *Ulery v. West Monroe Partners, Inc., et al.*, Case No. 1:22-cv-00781 (N.D. Ill. complaint filed Feb. 14, 2022) (the "Ulery Action")). The Ulery Action also named as defendants West Monroe and Argent Trust Company, but named additional defendants not named by Daly, namely the individual members of West Monroe's Board of Directors at the time of the Purchase Transaction instead of the Board as an entity, and Ulery did not sue the Benefits Committee of West Monroe.

Both the Ulery Action and Daly Action allege that the respective defendants included fiduciaries and parties in interest to the Plan who violated ERISA in the Purchase Transaction, in which Daly, Ulery and other participants in the class were injured by receiving less than fair market value for their West Monroe stock. Both the Ulery Action and Daly Action allege certain defendants breached their fiduciary duties in violation of ERISA § 404; engaged (or caused the Plan to engage) in prohibited transactions in violation of ERISA § 406; and are liable as co-fiduciaries for other parties' breaches of their fiduciary duties in violation of ERISA § 405. Both the Ulery Action and Daly Action seek under ERISA §§ 409 and 502(a)(2) to recover losses incurred by the Plan as a result of the Purchase Transaction, and other relief.

On February 16, 2022, Ulery filed a motion to reassign the Ulery Action to this Court. Dkt. 33. This Court granted that motion and noted:

> Both cases are related because they grow out of the same transaction and the classes identified in the two complaints are the same. Reassignment is appropriate because both cases are pending in the Northern District of Illinois; reassignment will likely result in a substantial saving of judicial time and effort given the overlap in claims and legal issues; reassignment will not likely delay the proceedings in the instant case given that Ulery complaint was filed soon after the complaint in the instant case, and both cases are at almost the same stage procedurally; and the cases are susceptible to disposition in a single proceeding.

Dkt. 37.

3

**STANDARD**

"If actions before the court involve a common question of law or fact, the court may: consolidate the actions . . . ." Fed. R. Civ. P. 42(a)(2). "Courts should consolidate related actions when possible to promote judicial economy, as long as the consolidation does not unduly prejudice any party." *In re FICO Antitrust Litig. Related Cases*, No. 1:20-CV-02114, 2021 WL 4478042, at *3 (N.D. Ill. Sept. 30, 2021) (citations omitted); *Portis v. McKinney*, No. 21-CV-2842, 2021 WL 4125107, at *3 (N.D. Ill. Sept. 9, 2021) (citation omitted). Consolidation can also be ordered where there is a risk of inconsistent rulings. *Stingley v. Laci Transp., Inc.*, No. 18-CV-06221, 2020 WL 12182491, at *2 (N.D. Ill. Dec. 1, 2020).

**ARGUMENT**

For the same reasons that the Ulery Action and Daly Action are "related" for purposes of Local Rule 40.4(a) and the reassignment of which will allow the cases to be disposed on of in a single proceeding which be likely to result in a substantial saving of judicial time and effort for purposes of Local Rule 40.4(b), so would consolidation promote judicial economy pursuant to Fed. R. Civ. P. 42(a). *See Portis*, 2021 WL 4125107, at *3 (granting motion to consolidate for reasons that reassignment was granted and lack of prejudice to plaintiff).

"By far the best means of avoiding wasteful overlap when related suits are pending in the same court is to consolidate all before a single judge." *Hedick v. Kraft Heinz Co.*, No. 19-CV-1339, 2019 WL 4958238, at *3 (N.D. Ill. Oct. 8, 2019) (citing *Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 839 (7th Cir. 1999)). That is particularly true here where the two actions involve the same questions of law or fact required under Rule 42(a). The two cases arise out of the same transactions, assert the same claims against the same group of defendants, and therefore will involve the same issues of fact and law. Both cases seek "any losses to the plan" as provided under ERISA §§ 409(a) and 502(a)(2). Both complaints are proposed class actions that involve

4

the same class of Plan participants and beneficiaries that were harmed as a result of the Purchase Transaction.

Far from any prejudice a party might suffer, consolidation of these actions would eliminate any prejudice and unnecessary costs by duplicating what would otherwise be identical discovery.

The two cases involve the same property (the West Monroe stock allocated to the 147 participants' Plan accounts), the same or similar parties (identical classes and same principal defendants), the same retirement plan, the same issues of law and fact, and they seek the same remedies. The defendants in both actions are likely to raise the same arguments if they move to dismiss the complaint. It is obviously efficient to have one court decide the merits of those arguments and "ensure consistent rulings on common questions." *Urban 8 Fox Lake Corp.*, 2019 WL 2515984, at *3.

Consolidating the cases is further supported by one of the leading private-company ESOP cases. In *Perez v. Bruister*, a participant action and a Department of Labor action concerning the same ESOP transaction were consolidated for trial and appeal. 823 F.3d 250, 256-257 (5th Cir. 2016). The district judge noted the redundancies that generated avoidable attorneys' fees because a prior district judge had not consolidated the actions earlier than the trial stage—that is, during discovery as requested—which led to several witnesses being deposed more than once in the two cases. *Perez v. Bruister*, No. 3:13cv1001, 2015 WL 5712883, at *3 (S.D. Miss. Sept. 29, 2015). In the interest of efficiency—and so not to overly burden witnesses, counsel, and the Court—such an outcome should be avoided here. Further, it would be expected that settlement is unlikely unless a "global peace" is arranged in both actions. That would be facilitated by having a single judge, and further facilitated by consolidation.

5

Counsel for Plaintiff Ulery conferred with defendants' counsel and counsel for Plaintiff Daly on the instant motion. Defendants consent to the motion and believe that a consolidated amended complaint should be filed, with Defendants provided 30 days to respond to the consolidated amended complaint. Plaintiff Daly consents to consolidation for pretrial purposes for the sake of judicial economy, but does not consent to merging the Ulery Action and Daly Action into a single action, and does not agree to limit the scope of discovery based on the fact of consolidation. Plaintiff Ulery submits, however, that the Ulery Action and Daly Action should be consolidated for all purposes for the reasons explained above.

If the Court grants this motion to consolidate, Counsel for Plaintiff Ulery will file a motion to be appointed as interim class counsel within seven days of consolidation and ask the Court to set a briefing schedule on Daly's and Ulery's motions for appointment as interim class counsel.

Dated:   March 16, 2022                    Respectfully submitted,

**BAILEY & GLASSER LLP**

*/s/ Patrick O. Muench*
Patrick O. Muench
318 W. Adams Street, Suite 1512
Chicago, IL 60606
Telephone: (312) 500-8680
Facsimile: (304) 342-1110
pmuench@baileyglasser.com

Ryan T. Jenny
Gregory Y. Porter
Laura Babiak
1055 Thomas Jefferson Street, NW, Suite 540
Washington, DC 20007
Telephone: (202) 463-2101
Facsimile: (202) 463-2103
rjenny@baileyglasser.com
gporter@baileyglasser.com
lbabiak@baileyglasser.com

        **IZARD KINDALL & RAABE LLP**
        Robert A. Izard
        Douglas P. Needham
        29 South Main St., Suite 305
        West Hartford, CT 06107
        Telephone: (860) 492-6292
        Facsimile: (860) 492-6290
        rizardkrlaw.com
        dneedham@ikrlaw.com

        *Attorneys for Plaintiff Nathan A. Ulery*

**CERTIFICATE OF SERVICE**

I certify that on March 16, 2022, a true and correct copy of the foregoing document was filed with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

                                                  */s/ Patrick O. Muench*
                                                  Patrick O. Muench