**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MATTHEW DALY, on behalf of himself and all others similarly situated,<br>　　　　　　　　　　　　*Plaintiff*,<br><br>v.<br><br>WEST MONROE PARTNERS, INC., et al.,<br>　　　　　　　　　　　　*Defendants.* | Case No. 1:21-cv-06805-RAG |
| NATHAN A. ULERY, on behalf of himself and all others similarly situated,<br>　　　　　　　　　　　　*Plaintiff*,<br><br>v.<br><br>WEST MONROE PARTNERS, INC., et al.,<br>　　　　　　　　　　　　*Defendants.* | Case No. 1:22-cv-00781-RAG |

**PLAINTIFF DALY'S RESPONSE TO NATHAN ULERY'S MOTION TO CONSOLIDATE CASES**

Plaintiff Matthew Daly submits this response to Nathan Ulery's Motion to Consolidate their respective cases against West Monroe Partners, Inc. ("West Monroe"). *See Ulery v. West Monroe Partners, et al.*, No. 1:22-cv-00781, Dkt. 19 (the "Motion"). He agrees that these cases should be consolidated for pretrial purposes, but he proposes that the Court defer consideration of whether to order a consolidated complaint and whether to consolidate the cases for trial.

Plaintiff Daly agrees that both complaints "grow out of the same transaction," Order Granting Motion to Reassign Ulery Action, Case No. 1:21-cv-06805-RAG, Dkt. No. 37, and their pretrial consolidation would serve the interests of efficiency and judicial economy. Both

1

complaints allege that West Monroe and its Board of Directors were fiduciaries of the West Monroe Partners Employee Stock Ownership Plan (or "ESOP"). Both complaints generally allege that these defendants breached their fiduciary duties to plan participants and engaged in prohibited transactions under the Employee Retirement Income Security Act ("ERISA"). And both complaints generally allege that they did so by causing approximately 146 former employees' shares of company stock to be redeemed for less than their fair market value in September of 2021.

The complaints are not, however, identical. *Contra* Mot. at 5. The Daly complaint asserts additional claims and legal theories not asserted by Plaintiff Ulery. Plaintiff Daly alleges, for example, that Defendant Argent undervalued Class members' company stock as early as year-end 2020, months before the Company redeemed Class members' stock. *See* Daly Compl. ¶¶ 4, 53–63, 101(a). In contrast, Plaintiff Ulery pleads only that Defendants should have updated their valuation when they redeemed the Class's shares nine months later, in September 2021—a theory also asserted by Plaintiff Daly. *See* Ulery Compl. ¶¶ 8, 64. The Daly complaint further alleges that Defendants withheld material facts from Class members—facts that would have influenced their decisions to cash out of the ESOP. *See* Daly Compl. ¶¶ 9, 81–84, 101(c). In doing so, Plaintiff Daly contends, Defendants deprived the Class of proceeds they would have received if they had remained invested in the ESOP until West Monroe closed its stock sale with MSD Partners. *See id.* Plaintiff Daly also names an additional defendant—the Benefits Committee—and asserts an additional claim under Delaware law against West Monroe's Board of Directors. *See id.* ¶¶ 122–26. Mr. Ulery, on the other hand, does not assert claims based on asymmetry of information— perhaps because he was a member of the West Monroe Board of Directors through 2019 and a managing director of the company until late 2020, positions in which he likely had access to more information than rank-and-file employees like Mr. Daly. *See* Ulery Compl. ¶ 14.

Consolidated proceedings should therefore be structured to preserve Plaintiff Daly's right to full discovery concerning the complete range of claims he asserts on behalf of the Class. The issues presented by Plaintiff Daly's additional claims need not be decided now. Rather, the Court can and should defer a decision on whether to order a consolidated amended complaint until after the Court appoints interim class counsel. If the Court appoints Plaintiff Daly's chosen counsel (Sanford Heisler Sharp LLP) as Class Counsel, Mr. Daly's comprehensive complaint could serve as the lead complaint,[1] because Plaintiff Daly's claims encompass Mr. Ulery's, and Defendants have not identified any material conflicts in their overlapping allegations.[2] The parties could then address any issues concerning the scope of discovery after they litigate any motion to dismiss.

Likewise, Plaintiff Daly believes that the Court need not decide whether to consolidate the actions for trial now, before discovery has even commenced. Plaintiff Daly proposes that the Court instead defer that decision until after discovery when the contours of the issues for trial will be clearer. *See, e.g.*, *Baity v. Johnson & Johnson*, No. 3:20-CV-01367-NJR, 2021 WL 1401460, at *5 (S.D. Ill. Apr. 14, 2021) (deferring decision on consolidation for trial); *see also DeLeon-Reyes v. Guevara*, No. 18 C 1028, 2019 WL 4278043, at *2 (N.D. Ill. Sept. 10, 2019) (same).

---

[1] Alternatively, if the Court is inclined to order a consolidated amended complaint, interim class counsel could best decide how to resolve any differences between the complaints and "file an amended complaint . . . that contains the pertinent allegations and claims from both . . . [c]ases." *Portis v. McKinney*, No. 21-CV-2842, 2021 WL 4125107, at *3 (N.D. Ill. Sept. 9, 2021). To the extent that the Plaintiffs' allegations conflict, Federal Rule of Civil Procedure 8(d) permits a party to plead claims in the alternative, even where such pleadings may be inconsistent.

[2] To date, Defendants have pointed only to what they claim to be "in some respects conflicting" allegations regarding the date that West Monroe announced the sale to MSD Partners. *See* Daly Dkt. No. 29 ¶ 6. But both complaints allege that the company first announced the sale in early October and issued a press release regarding the same on October 14, 2021. *See* Daly Compl. ¶¶ 5 & n.11, 80 (alleging that West Monroe announced the sale to MSD Partners on October 7 and issued a press release concerning the same on October 14, 2021); Ulery Compl. ¶ 39–40 (same). And Defendants do not explain why the precise date of the internal announcement is material.

| | |
|---|---|
| Dated: March 21, 2022 | */s/ Charles Field*<br>Charles Field\*<br>**SANFORD HEISLER SHARP, LLP**<br>2550 Fifth Avenue, 11th Floor<br>San Diego, CA 92101<br>Telephone: (619) 577-4242<br>Facsimile: (619) 577-4250<br>cfield@sanfordheisler.com<br><br>David Sanford\*<br>Russell Kornblith\*<br>**SANFORD HEISLER SHARP, LLP**<br>1350 Avenue of the Americas, 31st Fl.<br>New York, NY 10019<br>Telephone: (646) 402-5650<br>Facsimile: (646) 402-5651<br>dsanford@sanfordheisler.com<br>rkornblith@sanfordheisler.com<br><br>Sean Ouellette\*<br>**SANFORD HEISLER SHARP, LLP**<br>700 Pennsylvania Avenue SE, Suite 300<br>Washington, D.C. 20003<br>Phone: (646) 402-5644<br>Facsimile: (202) 499-5199<br>souellette@sanfordheisler.com<br><br>Matthew J. Singer<br>**MATT SINGER LAW, LLC**<br>77 W. Wacker Dr., Suite 4500<br>Chicago, IL 60601<br>Telephone: (312) 248-9123<br>matt@mattsingerlaw.com<br><br>*Attorneys for Plaintiff Daly*<br><br>\*   Admitted pro hac vice |

4

**CERTIFICATE OF SERVICE**

      I, Charles Field, hereby certify that on March 21, 2022, I caused the foregoing to be filed using the CM/ECF system for the United States District Court for the Northern District of Illinois, which will send notification of such filing to all registered participants.

                                      */s/ Charles Field*
                                      Charles Field